IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CLIFFORD STUART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-869-R |
| | ) |
| JOSEPH TAYLOR, Warden, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION ON THE
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Mr. James Stuart is an inmate. Challenging his conviction in state district court, he obtained a writ that would have allowed him to appear and testify in collateral proceedings. The warden of his prison did not comply with the writ, and the state district court dismissed Mr. Stuart's post-conviction claim. He sued under 42 U.S.C. § 1983 for denial of court access and moves for summary judgment. The present issue is whether the Court can grant his summary judgment motion without any evidence of the potential merit of his post-conviction claim. The federal district court should answer in the negative and deny Mr. Stuart's motion for summary judgment.

"A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the

defenses asserted legally are insufficient."[1]  Thus, Mr. Stuart bears a "stringent" burden to "establish, as a matter of law, all essential elements of the issue before the [Defendant] can be obligated to bring forward any specific facts alleged to rebut the movant's case."[2]  The Court must deny the plaintiff's summary judgment motion whenever any of the defenses would present "significant fact issues."[3]

The Defendant challenges the validity of the writ and argues that the Plaintiff's inability to attend the hearing did not prevent court access through the filing of a notice, motion for a new hearing date, extension request, notice of intent to appeal, and three letters. However, the Court need not address these contentions because even without them, a genuine issue of material fact would remain on the potential validity of Mr. Stuart's post-conviction claim.

In *Christopher v. Harbury*, the Supreme Court held that when a person alleges denial of court access based on the previous loss of a case, he must "identify a 'nonfrivolous,' 'arguable' underlying claim."[4]  The Court cautioned that in this type of claim, the plaintiff

---

[1]     10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2734 at 256 (3d ed. 1998) (footnote omitted).

[2]     *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation omitted).

[3]     10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2734 at 256 (3d ed. 1998) (footnote omitted).

[4]     *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002) (citation omitted).

must describe his "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."[5]

For purposes of summary judgment, the Court lacks the evidence that would be needed to compel a finding in the Plaintiff's favor on this element. In the complaint, Mr. Stuart did describe what he had hoped to prove in the post-conviction claim. For example, he alleged that he wanted to present new evidence and prove his allegations about ineffective assistance of counsel, prosecutorial and judicial misconduct, inadequacy of the police investigation, errors in the jury instructions, and insufficiency of evidence. However, the Plaintiff's evidence would not compel a fact-finder to regard the post-conviction claim as "arguable" or "nonfrivolous." And without definitive evidence of an "arguable" and "nonfrivolous" post-conviction claim, the Court cannot grant summary judgment to Mr. Stuart under *Christopher v. Harbury*. Thus, Mr. Stuart's motion should be denied.

The Plaintiff can object to the present report. To object, the party must file an objection with the Clerk of the Western District of Oklahoma by September 10, 2012.[6] The failure to timely object would foreclose appellate review of the suggested ruling.[7]

The present report discharges the referral.

---

[5]     *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (footnote omitted).

[6]     *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2010 supp.).

[7]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 22nd day of August, 2012.

Robert E. Bacharach
United States Magistrate Judge